David C. McElhinney
NV State Bar No. 33
LEWIS ROCA ROTHGERBER CHRISTIE LLP
One East Liberty Street, Suite 300
Reno, Nevada 89501-2128
Tel: (602) 262-5311
E-mail: dmcelhinney@lrrc.com
*Local Attorneys for Defendant PHC-ELKO, INC.,*
*A Nevada Corporation dba NORTHEASTERN*
*NEVADA REGIONAL HOSPITAL*

Robert Horton (*Pro Hac Vice*)
BASS, BERRY & SIMS
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
Tel: (615) 742-7903
Email: bhorton@bassberry.com
*Lead Attorneys for Defendant PHC-ELKO, INC.,*
*A Nevada Corporation dba NORTHEASTERN*
*NEVADA REGIONAL HOSPITAL*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DEVENDRA PATEL, M.D., an individual, | CASE NO. 3:17-CV-00639-LRH-WGC |
| Plaintiff, | |
| v. | |
| PHC-ELKO, INC., a Nevada Corporation d/b/a NORTHEASTERN NEVADA REGIONAL HOSPITAL, | |
| Defendants. | |

## AGREED PROTECTIVE ORDER

It appearing to the Court, as evidenced by the signatures of counsel for the parties, that the parties have agreed to the following Order Protecting the Confidentiality of Certain Documents, IT IS HEREBY ORDERED:

1. For the purpose of this Protective Order (the "Order"), "CONFIDENTIAL INFORMATION" shall mean documents and information in whatever form which contain or constitute trade secrets, other confidential, proprietary, or financial information, and/or personnel

information related to Defendant's employees, as well as any patient information belonging to Defendant. Additionally, all summaries, notes, extracts, compilations or any other direct or indirect reproduction from or of any protected material shall be entitled to protection under this Order. Documents containing CONFIDENTIAL INFORMATION shall be designated CONFIDENTIAL by the producing party by stamping or writing the legend: "CONFIDENTIAL" or "NOTICE: DO NOT DISCLOSE" or words to this effect, on the face of each such document or page of the document or, alternatively, on the portion of the document containing the CONFIDENTIAL INFORMATION. Any document so designated shall be handled in accordance with this Order.

  2. CONFIDENTIAL INFORMATION, whether in the form of documents or otherwise, shall be used solely for the prosecution and defense of this case and shall be disclosed only to the following:

  (a) The Court in this action or the court hearing an appeal from a judgment or order rendered by the Court in this action;

  (b) Counsel of record for the parties in this action and associates, secretaries, and paralegals actively engaged in assisting counsel of record;

  (c) The parties, but solely for the purpose of assisting counsel;

  (d) Outside consultants and expert witnesses employed or retained by the parties or their counsel, who have access to CONFIDENTIAL INFORMATION solely for evaluation, testing, testimony, preparation for trial or other services related to this litigation.

  3. Each party may further have the right to designate as "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" and subject to this Order any and all documents, information or other materials which a designating party reasonably believes to contain, reflect, or otherwise disclose (1) trade secrets, (2) highly sensitive medical or patient

information, (3) highly sensitive business or financial information, or (4) any other confidential information that the producing party believes to be competitive business information or that relate to competitive decision making to which the other party would not have access but for this litigation (collectively, "Highly Confidential Material"). As to documents produced to the opposing party in the course of this case, this designation shall be made by stamping or otherwise labeling each page or thing containing highly confidential material with the legend "HIGHLY CONFIDENTIAL/AEO" prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered Highly Confidential under this Order.

    4.      To the extent that Material is so marked "Highly Confidential/AEO," such material shall only be revealed to or used by Qualified Persons as provided for in paragraph 5 hereof and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Order. Any materials created by the receiving party which include Highly Confidential/AEO Materials, including copies, abstracts, summaries or information derived therefrom, or notes or other records, shall also be deemed Highly Confidential and the same terms regarding confidentiality of these materials shall apply as apply to the originals, and shall hereinafter be referred to as Highly Confidential Material. Such Highly Confidential Material shall be used only for purposes directly related to this proceeding, and for no other purpose whatsoever.

    5.      As used herein, the term "Qualified Persons" means:

        a.      the Court and its officers;

        b.      outside counsel of record for the parties to this case, including said counsels' associate and staff attorneys, legal assistants and/or paralegals, technical and clerical employees, and outside photocopying, data

processing, stenographic (including shorthand reporters), or graphic production services employed by the attorneys to assist in the litigation;

    c.    any outside independent persons who are retained by a party or its attorneys in connection with this proceeding to furnish technical or expert services, including any employees of and other persons providing assistance to these outside persons;

    d.    witnesses during their testimony at a deposition, hearing or trial, so long as the Highly Confidential Material was produced by the party for whom such witness is employed, shows on its face that the witness authored or received it, or memorializes that the witness was privy to the Highly Confidential Material's contents (*e.g.*, a document refers to a meeting attended by the witness); or

    e.    any other person as to whom the source producing the Highly Confidential Material agrees in writing in advance.

6. Prior to disclosure to any outside consultant or expert witness employed or retained by a requesting party, of matters made CONFIDENTIAL or HIGHLY CONFIDENTIAL by this Order, counsel shall provide a copy of this Order to such outside consultant or expert witness, who shall sign an affidavit verifying that he or she understands and agrees to be bound by the terms of this Order, and that he or she understands that unauthorized disclosure of the documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL as provided in this Order constitutes contempt of court. The affidavit shall be signed in the presence of and be notarized by a Notary Public. Counsel of record for each party shall keep the affidavits executed by that party's experts or consultants on file at their respective offices.

7. If plaintiff, defendant, or a non-party subject to this Order inadvertently fails to designate documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with the provisions of this Order when producing such documents, such failure shall not constitute a waiver of confidentiality. The plaintiff, defendant, or non-party who has produced a document shall notify the recipient of the document in writing of such inadvertent failure to designate the document as CONFIDENTIAL or HIGHLY CONFIDENTIAL and subject to this Order. At that time, the recipient will immediately treat the subject document as CONFIDENTIAL or HIGHLY CONFIDENTIAL, as the case may be, as though it had been formally designated as subject to this Order. An inadvertent failure to designate a document as subject to this Order shall not, in any way, affect the Court's determination as to whether the document is entitled to confidential status.

8. A party seeking to file documents that contain, quote, paraphrase, compile, or otherwise disclose documents (or any information contained therein) covered by the terms of this Order must electronically file a motion for leave of Court to file under seal. Given the added expense and delay involved in filing a motion to file under seal, prior to filing a motion to file under seal, the party seeking to file CONFIDENTIAL or HIGHLY CONFIDENTIAL documents may request to meet and confer with the other party to determine if the documents may be redacted or otherwise modified so that they may be filed in the ordinary course and not under seal. If a party requests such a meet and confer, the other party shall meet and confer promptly and in good faith.

9. Documents, information, and deposition testimony designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be disclosed in testimony at the trial of this action, offered into evidence at the trial of this action, or used in any hearing relating to this

action, subject to the Federal Rules of Evidence, without regard to this Order, but subject to such future orders as the court having jurisdiction over this action may enter, if any.

10. Any party may contest the designation of any documents, information, or deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL by applying to the Court for a ruling that the documents, information, or deposition testimony should not be so treated. All documents, information, and deposition testimony designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, however, shall be maintained as such until the Court orders otherwise.

11. Nothing in this order shall prevent any party from asserting any objection to discovery other than an objection based upon grounds of confidentiality.

12. Upon written request by the producing party, within reasonable time after the conclusion of this matter, including appeals, if any, the receiving party shall destroy or return to counsel for the producing party, all documents and information designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL within 15 days of the request.

13. After termination of this litigation, the provisions of this Order relating to the secrecy and confidential nature of CONFIDENTIAL and HIGHLY CONFIDENTIAL documents, information, and deposition testimony shall continue to be binding upon all parties herein and their officers, employers, employees, agents, and/or others unless this Order is vacated or modified.

14. Nothing herein shall prevent entry of a subsequent order, upon an appropriate showing, requiring that any documents, information, or deposition testimony designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall receive protection other than that provided herein.

APPROVED FOR ENTRY:

| | |
|---|---|
| **MARQUIS AURBACH COFFING** | **BASS, BERRY & SIMS PLC** |
| By: */s/ Candice E. Renka* <br> Liane K. Wakayama <br> Nevada Bar No. 11313 <br> Adele V. Karoum <br> Nevada Bar No. 11172 <br> Candice E. Renka <br> Nevada Bar No. 11447 <br> 10001 Park Run Drive <br> Las Vegas, NV 89145 <br> lwkayama@maclaw.com <br> akaroum@maclaw.com <br> crenka@maclaw.com <br><br> *Attorneys for Plaintiff* | By: */s/ Robert W. Horton* <br> Robert W. Horton (*pro hac vice*) <br> 150 Third Avenue South, Suite 2800 <br> Nashville, TN 37201 <br> (615) 742 6200 <br> (615 742 2797 (fax) <br> bhorton@bassberry.com <br><br> **LEWIS ROCA ROTHGERBER CHRISTIE LLP** <br> David C. McElhinney, Esq. <br> Nevada Bar No. 33 <br> One East Liberty Street, Suite 300 <br> Reno, Nevada 89501-2128 <br> dmcelhinney@lrrc.com <br><br> *Attorneys for Defendant* |

## ORDER

Paragraph 8 is modified to reflect that any motion regarding filing confidential information and motions to seal shall comply with LR 1A 10-5 and the dictates of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). See also, *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph 13 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: March 19, 2018.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE